Slip Op. No. 20-184

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **ADEE HONEY FARMS, et al.,** | |
| Plaintiffs, | Before: Timothy C. Stanceu, Chief Judge |
| v. | Consol. Court No. 16-00127 |
| **UNITED STATES, et al.,** | |
| Defendants. | |

**OPINION AND ORDER**

[Granting in part and denying in part plaintiffs' motion to strike the administrative record by ordering defendants to supplement that record with materials relevant to a decision reached upon the 2001 promulgation of an agency regulation]

Dated:  December 21, 2020

*Cameron R. Argetsinger*, *Paul C. Rosenthal*, *Michael J. Coursey*, *John M. Herrmann II*, and *Jennifer E. McCadney*, Kelley Drye & Warren LLP, of Washington, D.C., for all plaintiffs except Monterey Mushrooms, Inc.

*Louis S. Mastriani*, Adduci, Mastriani & Schaumberg, LLP, of Washington, D.C., for plaintiffs in consolidated case 16-00131, *A&S Crawfish v. United States*.

*Justin R. Miller*, Attorney-in-Charge, International Trade Field Office, and *Beverly A. Farrell*, Trial Attorney, of New York, NY, for defendants.  With them on the brief were *Jeffrey Bossert Clark*, Acting Assistant Attorney General, and *Jeanne E. Davidson*, Director, Commercial Litigation Branch, Civil Division, of Washington, D.C., U.S. Department of Justice.

Stanceu, Chief Judge: Plaintiffs, who qualified as "affected domestic producers"

under the Controlled Dumping and Subsidy Offset Act of 2000, 19 U.S.C. § 1675c

("CDSOA"), contested a decision of U.S. Customs and Border Protection ("Customs" or "CBP") not to include "delinquency" interest, i.e., post-liquidation interest paid on antidumping and countervailing duties according to 19 U.S.C. § 1505(b), in the distributions that plaintiffs received from Customs under the CDSOA. A prior Opinion and Order of this Court, *Adee Honey Farms v. United States*, 44 CIT __, 450 F. Supp. 3d 1365 (2020) ("*Adee Honey I*"), dismissed the majority of plaintiffs' claims as untimely, allowing to proceed only the claims pertaining to CDSOA distributions that occurred within the two-year statute of limitations period. Following the issuance of *Adee Honey I*, defendants submitted as the administrative record pursuant to USCIT Rule 73.3 certain information from CDP's revenue department pertaining to those distributions for which this Court held plaintiffs to have made timely claims.

Plaintiffs move to strike the administrative record filed by defendants and also move for leave to file a reply to defendants' opposition to their motion. For the reasons discussed below, the court declines to order the striking of the administrative record as previously filed but orders defendants to supplement that record. The court grants plaintiffs' motion to file a reply.

## I. BACKGROUND

Background is set forth in *Adee Honey I*, with which the court presumes familiarity. *Adee Honey I*, 450 F. Supp. 3d at 1367–70. Plaintiffs moved to strike the administrative record on September 15, 2020, filing a revised motion the next day. Mot.

to Strike the Admin. R. (Sept. 16, 2020), ECF Nos. 94, 95 ("Motion to Strike" or "Pls.' Mot."). Defendants opposed the motion on October 16, 2020. Defs.' Resp. to Pls.' Mot to Strike the Admin. R. and Mot. for a Stay of Proceedings (Oct. 16, 2020), ECF No. 99 ("Defs.' Resp."). Plaintiffs then moved for leave to file a reply in support of their Motion to Strike. Mot. for Leave to File Reply in Supp. of Pls.' Mot. to Strike the Admin. R. (Oct. 21, 2020), ECF No. 100. On November 12, 2020, defendants opposed the granting of leave to reply. Defs.' Resp. in Opp'n To Pls.' Mot. for Leave to File a Reply in Supp. of their Mot. to Strike the Admin. R. (Nov. 12, 2020), ECF No. 101 ("Defs.' Resp. to Mot. for Leave").

## II. Discussion

### A. The Contents of a Complete Administrative Record

This cause of action arose under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. In cases arising under the APA, the court is to review an "agency action" on the basis of "the whole record or those parts of it cited by a party." *Id*. § 706. As a general matter, the record is to consist of "(A) a copy of the contested determination and the findings or report upon which such determination was based; (B) a copy of any reported hearings or conferences conducted by the agency; and (C) any documents, comments, or other papers filed by the public, interested parties, or governments with respect to the agency's action." 28 U.S.C. § 2635(d)(1); *see also* USCIT R. 73.3(a).

In the specific instance in which a party contests a rule or regulation that an agency promulgated according to notice-and-comment rulemaking, the record consists of the information the agency considered at the time the contested decision was made. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (ordering the District Court to consider "the full administrative record that was before the Secretary at the time he made his decision"), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977). In this litigation, the contested rule (the "Final Rule") was published in 2001. *Distribution of Continued Dumping and Subsidy Offset to Affected Domestic Producers*, 66 Fed. Reg. 48,546 (Dept. Treas. Customs Serv. Sept. 21, 2001) (codified at 19 C.F.R. §§ 159.61–64, 178 (2002)) ("*Final Rule*"). In the Final Rule, Customs made a final determination to exclude delinquency interest from CDSOA distributions. *See Adee Honey I*, 450 F. Supp. 3d at 1369.

As with agency action in general, a presumption of regularity applies to the compilation of the administrative record as filed and certified by the government. *See, e.g.*, *Deukmejian v. Nuclear Regul. Comm'n*, 751 F.2d 1287, 1325 (D.C. Cir. 1987) ("Were courts cavalierly to supplement the record . . . . [t]he accepted deference of court to agency would be turned on its head") *vacated in part and rehearing en banc granted on other grounds, San Luis Obispo Mothers for Peace v. NRC*, 760 F.2d 1320 (D.C.Cir.1985). The Court of Appeals for the Federal Circuit has counseled that "supplementation of the record should be limited to cases in which the omission of extra-record evidence

precludes effective judicial review." *AgustaWestland N. Am., Inc. v. United States*, 880 F.3d 1326, 1331 (Fed. Cir. 2018).

Here, plaintiffs object that the current record is inadequate in three ways: first, that it does not contain the documents before Customs when Customs made the decision in 2001 to promulgate the Final Rule; second, that it is improperly certified, as the certification is by an officer of a division of Customs other than the Office of Regulations and Rulings, which promulgated the Final Rule; and, third, that it contains documents that post-date the promulgation of the Final Rule and, therefore, could not constitute the record of what the agency considered when making the 2001 promulgation decision. Pls.' Mot. 4–5. The court considers these objections to be variations of a single argument, which is that the administrative record must be that record, and only that record, which pertains to the decision by Customs to promulgate the Final Rule.

### B. The Holdings of *Adee Honey I*

Plaintiffs claim in this litigation that CBP's refusal to distribute delinquency interest was unlawful as contrary to the CDSOA. Defendants, in moving to dismiss, argued that all of plaintiffs' claims were untimely under the two-year statute of limitations because the agency decision not to distribute delinquency interest was made in 2001 and plaintiffs did not assert any claims until 2016. Rejecting this argument, *Adee Honey I* held, first, that the agency's decision not to pay delinquency interest, as made

upon the promulgation of the Final Rule, is the decision being contested in this litigation and, second, that plaintiffs may raise a substantive challenge to the Final Rule whenever they receive a CDSOA distribution, although the scope of relief is limited to those CDSOA distributions made within two years of the commencement of the action. *See* 450 F.Supp.3d at 1376–78 (plaintiffs may raise a substantive challenge to a regulation each time it is applied to them and each CDSOA distribution constitutes a separate application of the regulation contested in this litigation).

Contrary to defendants' position in opposing plaintiffs' Motion to Strike, *Adee Honey I* did not limit the issue to be litigated to whether the regulations were properly applied to those distributions within the two-year limitations period. *Contra* Defs.' Resp. 3 ("[T]he application of the regulation to the distributions is the only determination available for plaintiffs to challenge."). *Adee Honey I* held, rather, that plaintiffs may challenge the substance of the Final Rule as not in accordance with law but also that any potential remedy is limited to the CDSOA distributions that occurred within the limitations period.

### C. The Need for a Complete Administrative Record

The record as currently filed consists of documentation relating to those CDSOA distributions made to plaintiffs within the limitations period. To answer the question of the legality of CBP's decision not to distribute delinquency interest, the court must review "the full administrative record" that was before the agency at the time of the

decision. *Overton Park*, 401 U.S. at 420. Here, the full record that was before Customs when the regulatory decision on delinquency interest was made is not now before the court.

Defendants argue that the proposed rule, public comments, and the Final Rule, which already are included in the administrative record, are the only documents that "could possibly be relevant." Defs.' Resp. 6. It is true that the principal issue before the court is one of statutory interpretation, i.e., whether the CDSOA requires Customs to include delinquency interest in CDSOA distributions. But this issue is part of the larger inquiry as to whether the decision made in the Final Rule to exclude delinquency interest was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

Contrary to defendants' assertion that no additional documents could be relevant to the court's inquiry, plaintiffs' motion papers indicate that Customs could possess records potentially relevant to the court's inquiry of whether the regulation is lawful. Plaintiffs attached to their Motion to Strike a 2016 letter from then-Commissioner Kerlikowske to Senator Charles Grassley, Pls.' Mot. Ex. 2, which, while addressing CBP's interpretation of Section 605 of the Trade Facilitation and Trade Enforcement Act of 2015, also indicates that Customs possessed documents relevant to congressional intent that could constitute legislative history of the CDSOA. In the letter, Commissioner Kerlikowske refers to technological "gaps" preventing the

automated distribution by Customs of delinquency interest.  *Id.* at 2.  Referring to CBP's "internal analysis," the letter asserts that "Congress seems to have been aware of these gaps in technological capabilities when the CDSOA was enacted."  *Id.*  Customs must now supplement the record before the court with all documents and information relevant to the agency's decision to exclude delinquency interest from CDSOA distributions, a decision later embodied in the Final Rule.

Plaintiffs request that the currently filed record be struck, not that it be supplemented.  The current record before the court, while not pertaining to the initial agency decision to exclude delinquency interest, may yet be relevant to issues in this litigation, should plaintiffs ultimately prevail and the court is to order specific monetary relief.  The court sees no prejudice to any party arising from the presence of these documents on the record.  For these reasons, the court is ordering defendants to supplement the record but will not order the striking of the material already submitted.

### D. Plaintiffs' Motion to File a Reply

Defendants oppose, on various grounds, plaintiffs' motion to file a reply.  Defs.' Resp. to Mot. for Leave.  The court notes that in their response to plaintiffs' motion, defendants incorrectly assert that "the decision-making in drafting and announcing 19 C.F.R. § 159.64 and, specifically, section 159.64(e) [provisions in the Final Rule], cannot be the 'contested decision' because plaintiffs are time-barred from challenging it."  *Id.* at 5 (quoting *Adee Honey I*, 450 F. Supp. 3d at 1375 ("Plaintiffs have no valid

claims other than those relating to application of the regulation to their individual distributions.")).  Defendants misstate the holding of *Adee Honey I*.  Plaintiffs are not time-barred from challenging the substance of CBP's regulation.  The sentence they quote from this Court's opinion and order in *Adee Honey I* related to the application of the statute of limitations (specifically, to the time at which the claims accrued), not to the substantive decision that may be challenged in this litigation.  Defendants disregard that later in the opinion and order is the statement that "these plaintiffs may challenge *the substance of CBP's regulations* as applied to them with each CDSOA distribution they received within two years prior to the commencement of their respective actions on July 15, 2016."  *Adee* 450 F. Supp. 3d at 1377 (emphasis added).  The misstatement in defendants' response, with which plaintiffs rightfully take issue in their proposed reply brief, is reason enough for the court, in its discretion, to allow the reply brief to be filed.

### III.  CONCLUSION AND ORDER

For the reasons discussed above, the court grants in part and denies in part plaintiffs' motion to strike the administrative record.  Deferring to the agency's decision upon a presumption of regularity and a conclusion that the previously-filed documents potentially may be relevant to a remedy, the court declines to strike those documents but orders defendants to supplement that record with all materials and information relevant to the decision by Customs, later embodied in the Final Rule, not to distribute delinquency interest.  The court also grants plaintiffs' motion for leave to file a reply.

Therefore, upon all review of all the papers herein, and upon due deliberation, it is

hereby

      **ORDERED** that plaintiffs' Motion to Strike (September 16, 2020), ECF No. 95, be, and hereby is, granted in part and denied in part; it is further

      **ORDERED** that defendants, within sixty (60) days of the date of this Opinion and Order, shall supplement the administrative record with the materials relevant to the decision by Customs, later effectuated in the Final Rule, not to distribute delinquency interest; it is further

      **ORDERED** that plaintiffs' Motion for Leave to File Reply (October 21, 2020), ECF No. 100, be, and hereby is, granted, and plaintiffs' proposed Reply in Support of Plaintiffs' Motion to Strike the Administrative Record is deemed filed; it is further

      **ORDERED** that due dates for the filing of further briefing in this litigation are stayed pending the filing of the supplement to the administrative record; and it is further

      **ORDERED** that the parties shall consult and, within fifteen (15) days of the filing of the supplement to the administrative record, submit a joint proposal for the schedule that will govern the remainder of this litigation.

                                                                /s/ Timothy C. Stanceu_____
                                                                Timothy C. Stanceu
                                                                Chief Judge

Dated: December 21, 2020
New York, New York