Slip Op. No. 22-60

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **ADEE HONEY FARMS, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES, et al.,**<br><br>Defendants. | Before: Timothy C. Stanceu, Judge<br><br>Consol. Court No. 16-00127 |

**OPINION AND ORDER**

[Denying motion for reconsideration of court's previous ruling dismissing some claims as time-barred by the statute of limitations]

Dated: June 8, 2022

*Adam H. Gordon,* The Bristol Group PLLC, of Washington, D.C., for movant Monterey Mushrooms, Inc. With him on the submissions was *Lauren N. Fraid*.

*Beverly A. Farrell*, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for defendants United States, U.S. Customs and Border Protection, and Chris Magnus, Commissioner of U.S. Customs and Border Protection. With her on the briefs were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Justin R. Miller*, Attorney-in-Charge, International Trade Field Office. Of counsel were *Suzanna Hartzell-Ballard* and *Jessica Plew*, Office of Assistant Chief Counsel, U.S. Customs and Border Protection, of Indianapolis, Indiana.

Stanceu, Judge: The plaintiffs in this consolidated case are domestic producers of honey, crawfish, garlic, or mushrooms that qualified as "affected domestic producers" ("ADPs") entitled to receive certain cash benefits under the Continued Dumping and

Subsidy Offset Act of 2000 (the "CDSOA" or the "Byrd Amendment"), 19 U.S.C. § 1675c.[1] Under the Byrd Amendment, ADPs were eligible to receive annual "continued dumping and subsidy offsets" ("distributions") resulting from duties assessed upon imported merchandise under antidumping duty ("AD") and countervailing duty ("CVD") orders.

The CDSOA directed the U.S. Customs Service (now U.S. Customs and Border Protection ("Customs" or "CBP")) to include, in the distributions made to ADPs on a fiscal-year basis, interest the government earned on assessed antidumping and countervailing duties. In this litigation, the plaintiffs claim that Customs, while including in their distributions the interest the government earned pursuant to Section 778(a) of the Tariff Act of 1930 ("Tariff Act"), 19 U.S.C. § 1677g, on underpaid antidumping and countervailing duties that was assessed at liquidation ("Section 1677g interest"), unlawfully failed to include interest collected according to Section 505(d) of the Tariff Act, 19 U.S.C. § 1505(d). This interest, which can be identified as "Section 505(d)" interest or "delinquency" interest, accrues if the importer of record or its surety is delinquent in paying the combined amount of all duties, fees, and interest that Customs determined at liquidation to be owing on the entry of imported merchandise.

---

[1] All citations to the United States Code are to the 2012 edition unless otherwise noted, except for citations to the Continued Dumping and Subsidy Offset Act of 2000 ("CDSOA"), which are citations to 19 U.S.C. § 1675c as in effect prior to repeal. All citations to the Code of Federal Regulations are to the 2014 edition unless otherwise noted.

Before the court is the motion of plaintiff Monterey Mushrooms, Inc. ("Monterey Mushrooms" or "Movant") for judgment on the agency record and reconsideration of a prior ruling by the court. Rule 56.1 Mot. for J. on the Agency R. (May 24, 2021), ECF No. 113 ("Movant's Br."). In this Opinion and Order, the court rules only on the portion of Monterey Mushrooms's motion that seeks reconsideration of the court's June 1, 2020 Opinion and Order, in which the court, granting in part defendants' motion to dismiss, ruled that certain claims of the plaintiffs in this consolidated action, including Monterey Mushrooms, were time-barred by the two-year statute of limitations. *See Adee Honey Farms v. United States*, 44 CIT __, 450 F. Supp. 3d 1365 (2020) ("*Adee Honey Farms I*"). The court denies the motion for reconsideration, reserving its ruling on the remaining issues addressed in movant's Rule 56.1 motion.

## I. Background

Background on this litigation is presented in this court's prior Opinion & Order. *See Adee Honey Farms I*, 44 CIT at __, 450 F. Supp. 3d at 1367–70.

## II. Discussion

Under USCIT Rule 54(b), "any order or other decision, . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." USCIT R. 54(b). Monterey Mushrooms urges reconsideration of *Adee Honey Farms I*, which dismissed as untimely under the two-year

statute of limitations, 28 U.S.C. § 2636(i), plaintiff's claims seeking delinquency interest on CDSOA distributions received prior to July 15, 2014. *See Adee Honey Farms I*, 44 CIT at __, 450 F. Supp. 3d at 1378.

In *Adee Honey Farms I*, the court held that the "Final Rule" promulgated by Customs to implement the CDSOA, *Distribution of Continued Dumping and Subsidy Offset to Affected Domestic Producers*, 66 Fed. Reg. 48,546 (Customs Serv. Sept. 21, 2001) (codified at 19 C.F.R. §§ 159.61–159.64, 178.2 (2002)) ("*Final Rule*"), placed interested parties on notice of a decision by Customs with respect to the type of interest Customs would deposit into each "special account," where it would be available for distribution to ADPs. *Adee Honey Farms I*, 44 CIT at __, 450 F. Supp. 3d at 1373 ("The court concludes that 19 C.F.R. § 159.64(e), when read together with the preamble language that pertained to it, provided adequate notice of the agency's decision that no type of interest other than Section 1677g interest would be deposited into the special accounts for distribution to ADPs."). As a result, the court held, the only timely claims of the plaintiffs were those relating to the application of the Final Rule to their individual CDSOA distributions occurring during the two years prior to their instituting their actions. *Id.*, 44 CIT at __, 450 F. Supp. 3d at 1377 ("Therefore, those of their claims that accrued during the two-year period prior to commencement of their actions on July 15, 2016 are timely, and those of their claims that accrued prior to that two-year period are

not."). As a consequence, the court dismissed as time-barred plaintiffs' claims seeking delinquency interest on any CDSOA distributions received prior to July 15, 2014.

In moving for reconsideration of the court's ruling in *Adee Honey Farms*, Monterey Mushrooms argues that the court should reverse its decision to dismiss the earlier claims. Movant's Br. 29–32. Movant argues that "the administrative record . . . was first made available on August 6, 2020, more than two months after the Court issued the Order" and that "[t]he supplement to the administrative record was not filed until February 19, 2021, more than eight months after the Order was issued." *Id.* at 30 (citations omitted). According to Monterey Mushrooms, "[t]he administrative record now confirms that CBP did not announce its unlawful decision to exclude delinquency interest from CDSOA distributions, and that this was not known to Plaintiff until 2014." *Id.* at 31 (citation omitted). Movant insists that "CBP never made clear its intent to ignore its obligations under the CDSOA and to not distribute delinquency interest to ADPs, and thus, Plaintiff had no notice of such." *Id*. Citing the administrative record, Monterey Mushrooms argues that Customs "initially intended to distribute delinquency interest as the 'position of the agency,' and indeed, considered methods for such distribution." *Id*. at 30 (citation omitted). It asserts, further, that "[u]nbeknownst to Plaintiff, however, CBP changed its mind about including delinquency interest in the CDSOA distributions at some point between the publication of the proposed rule and

the Final Rule" and that "[n]o contemporaneous reason (legal or other) has been provided for that decision." *Id*. (citations omitted).

In moving for reconsideration, Monterey Mushrooms relies mistakenly on the filing of the administrative record with the court. Reversing the decision dismissing the claims the court ruled untimely would require the court to conclude that the Final Rule did not place Monterey Mushrooms on notice of an agency decision that Monterey Mushrooms would not be receiving delinquency interest in its CDSOA distributions. Nothing in plaintiff's motion for reconsideration meaningfully addresses the issue of notice. The Final Rule provided that "statutory interest charged on antidumping and countervailing duties *at liquidation* will be transferred to the Special Account, when collected from the importer." *Final Rule*, 66 Fed. Reg. at 48,554 (emphasis added). The court reasoned that "[t]he reference to statutory interest 'charged' on antidumping and countervailing duties 'at liquidation' connotes an intent to deposit into the special accounts interest accrued under 19 U.S.C. § 1677g, which governs interest on underpaid (and overpaid) antidumping and countervailing duties that accrues up until liquidation." *Adee Honey Farms I*, 44 CIT at __, 450 F. Supp. 3d at 1373. The preamble to the regulation clarified that "only interest charged on antidumping and countervailing duty funds themselves, pursuant to the express authority in 19 U.S.C. § 1677g, will be transferred to the special accounts and be made available for distribution under the CDSOA." *Final Rule*, 66 Fed. Reg. at 48,550.

Monterey Mushrooms has not convinced the court that the ruling in *Adee Honey Farms I* was incorrect. After citing generally to the administrative record and a supplement to it, Monterey Mushrooms argues that "neither the administrative record nor the supplement to the administrative record contains any support for the agency's interpretation that the CDSOA does not require that delinquency interest be distributed to ADPs." Movant's Br. 30. This argument misses the point. The question is not whether the administrative record supported the CBP's interpretation of the CDSOA, but whether the Final Rule gave notice to interested parties that Customs had reached a decision on the type or types of interest it would deposit into the special accounts and distribute to ADPs.

In support of its argument that the Final Rule did not place it on notice of CBP's decision on interest, Monterey Mushrooms also argues that "'{t}he question is whether the notice was adequate to afford interested parties a reasonable opportunity to participate in the rulemaking process.'" *Id*. at 32 (quoting *MCI Telecomms. Corp. v. F.C.C.*, 57 F.3d 1136, 1142 (D.C. Cir. 1995) (internal quotation marks and citations omitted)). According to plaintiff, "no such notice was afforded to interested parties, including Plaintiff, who had no opportunity to review and comment on the critical preamble language, which did not appear until the final rule was published." *Id*. This argument is also misguided. The "notice" issue pertaining to accrual of claims for purposes of the statute of limitations is whether the September 21, 2001 Federal Register

notice comprising the Final Rule (which contained Section 159.64(e) and the preamble), adequately informed prospective plaintiffs of the agency's decision. That the preamble language did not appear until the publication of the Final Rule has no bearing on that issue.

Finally, Monterey Mushrooms argues that the court's decision in *Adee Honey Farms I* was incorrect because "it appears that the real reason underlying CBP's decision was not a legal one, but rather rooted in 'technological limitations' of the agency's internal systems," and because "the Court could not have considered information that was only divulged by CBP months after the Court rendered its decision." Movant's Br. 32 (citation omitted). This argument is irrelevant. What was relevant to the issue of the timeliness of the claims was not *why*, but *whether*, Customs announced in the Final Rule a decision to limit the interest it would deposit and distribute to the interest accruing to the government according to 19 U.S.C. § 1677g.

### III. Conclusion

Monterey Mushrooms has not put forth a valid reason why the court should vacate or modify the decision reached in *Adee Honey Farms I* to dismiss the claims determined to be untimely. Therefore, upon considering plaintiff's motion for reconsideration, all submissions made herein, and upon due diligence, it is hereby

**ORDERED** that Monterey Mushrooms's motion for reconsideration of the court's ruling in *Adee Honey Farms v. United States*, 44 CIT __, 450 F. Supp. 3d 1365 (2020) be, and hereby is, denied.

                                                      /s/ Timothy C. Stanceu
                                                      Timothy C. Stanceu, Judge

Dated: June 8, 2022
        New York, New York